STARK v. STATE.

(Court of Criminal Appeals of Texas. Oct. 29, 1913.)

INFANTS (§ 20*)—PROSECUTION — SUFFICIENCY OF EVIDENCE.

Evidence, in a prosecution for permitting a minor to play pool in a pool hall owned and managed by defendant, held to sustain a conviction.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 20, 282; Dec. Dig. § 20.*]

Appeal from Mills County Court; S. H. Allen, Judge.

Bert Stark was convicted of permitting a minor to play pool in a pool hall of which he was the owner and manager, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of permitting a minor to play pool in a pool hall of which he was the owner and manager. That Lum White, a minor between 17 and 18 years of age, played pool in the hall is admitted by all the witnesses who testify in regard to the matter, including the defendant. The facts would show that appellant was the owner of the pool hall; that on the 16th day of April he made a trade with Smith & Spencer, agreeing to sell them the hall for $250; they desired to trade him an automobile for it, and he went to look at the automobile. Smith & Spencer ran the pool hall while he was gone. He decided not to take the automobile, and so informed Smith & Spencer on his return. They then agreed to give him several notes, aggregating $250, but never did do so, and on May 8th appellant sold the hall to another party. Lum White played in the hall after appellant had seen the automobile and declined to take it, and while Spencer & Smith were trying to make the notes. So it may be said Smith & Spencer never became the owners of the pool hall, although the evidence would show that they ran it during the time appellant was gone to look at the automobile, and if the playing had taken place during this time, we would be inclined to hold that the evidence failed to show knowledge or guilty intent on the part of appellant. But the evidence discloses that the minor played in the hall after appellant returned, and when neither Smith nor Spencer were in the hall, and while appellant was in the hall, in control thereof, and that he "rung up" the balls for the boys

to play, and, if the state's testimony is true, accepted the pay from the minor for the games.

The case was tried in the court below without a jury, and the court finds him guilty, and under such a state of facts we will not disturb the finding of the trial court.

The judgment is affirmed.